We're going to call the case of 514-0123, people v. Todd Tonelle. And it's Mr. Andrews and Ms. Stacey. Ms. Stacey, are you? Oh, okay. Got it. All right, Mr. Andrews. Still on behalf of Stacey. Yes, I know. I just, I was reading wrong. May it please the court and counsel, I'm Alan Andrews from the appellate defender's office representing Mr. Tonelle. This court should suppress the cocaine that the police found in the cab of Mr. Tonelle's pickup truck. The state argued that the cocaine was legally seized in a search incident to arrest and the trial court agreed. They were both mistaken. The United States Supreme Court in Gantt v. Arizona significantly cut back the state's right to a search vehicle's incident to arrest. Gantt does still permit the police to search a vehicle incident to arrest. They can search any part of it that is within the actual physical access of the person. It has to be actual physical access. Mr. Tonelle obviously did not have actual physical access to the cab of the truck at the time of the search. He'd already been arrested. He was outnumbered four to one by the police. He'd been handcuffed, and there's some suggestion he'd even been placed in the cab of the truck, in the cab of the truck. It seems to me that that was somewhat disputed, though, that he was sent back to the truck or something for some reason. What happened was when he was pulled over, he got out, and as typically happens in traffic stops, the officer said, Get back in there. And so he sat in there doing who knows what, and then the police officer wrote the ticket. Then the other police officers arrived. They get Mr. Tonelle out. They arrest him. He can't get back into the vehicle at that time. He has to be able to get back into the vehicle at the time of the search to justify the search. Okay, when did they get the pills in his pocket? They placed him under arrest, and they searched him for driving on a suspended license. They searched him, found the pills, and they handcuffed him. So he was already under arrest for driving on a suspended license. That testimony is 100%. But could they not also search the vehicle incident to the other potential charge? The pills? Yeah. Absolutely not, Grant. Okay. Why is that? Gant could not be more specific. It specifically states that you can search the vehicle only for evidence of the offense of arrest, which in this case, unequivocally, was driving on a suspended license. Did they arrest him later or not? No. Related to the pills? They charged him later with the pills, but that was not the offense of arrest. The offense of arrest, which is what Gant is limited to, is the driving on a suspended license. I want to make sure that my timeline is correct, too. He gets stopped, gets out of the car. They tell him to get back in the car. One of them. You say because of traffic. It was my impression that his car was in his driveway at his house. So where's the traffic coming from? I didn't mean it was because of traffic. I think it's consistent in police traffic stops. They don't want you out of the car until they're ready to deal with you. That's what I meant. Okay. But he was on his own property. Indeed, his driveway. His driveway. Okay. And then the officer is waiting for backup, so to speak. Okay. I'll make sure. Yes. You know, I guess I read the brief wrong because I thought there was also an arrest for possession, and then they went in and searched the vehicle. As I recall, the testimony was we found the pills, and that's why we searched the testimony. That's why you searched the truck? Yes, we searched the truck. My point is, even had there been an arrest for these pills, that would not justify a vehicle search. They would have to go get a search warrant. Gant is very specific. You can search the vehicle only incident to the offense of arrest, which was the suspended license. And Gant said, you're not going to find evidence of a suspended license by searching a vehicle. Therefore, it's just not going to permit one of these searches. It wasn't in plain view. Isn't that also one of their contentions, that it was on the pothole area and they could see the powder? Mr. Tunnell convinced the court that it was not in plain view. The court said, I'm not going to rule that it's in plain view. I'm only going to rule that it's a proper search incident to arrest. And I would make an additional point. I think that the plain view, I don't think it's an issue in this appeal because it wasn't the basis of the ruling. But for a plain view, one of the four requirements is that it's not just that you can see it. You also have to legally be able to access it. For example, if you're legally in a house on a warrant and you see some contraband that's not named in the warrant, you can grab that contraband. But they had no legal access to Mr. Tunnell's, to the cab of his truck without a search warrant because it was not a proper incident to arrest. So even if they could see the cocaine on the console, they had no right to enter his truck and get it. Therefore, it cannot be a legal search incident to a plain view search. I think the record, it is clear that this search was improper and that the cocaine should have been suppressed and that this court should reverse. If, however, the record seems to this court to be inadequate, I would argue that this court should remand the cause so that counsel can be appointed to represent Mr. Tunnell on this very issue. At all times pertinent to one, an attorney could have filed a motion to suppress this cocaine pursuant to grant and develop the record. Mr. Tunnell was in limbo. He had no counsel. He had no hired counsel. He had no appointed counsel. But he had not validly waived his right to counsel. There's been a lot of discussion about whether or not this September 12th hearing, whether that was substantial compliance. And I would argue that it doesn't matter whether it was or not. Hired counsel withdrew on August 22nd in this case. That was the day that this cocaine charge was filed. Before that, it had been a skilled charge, the hydrocodone. So hired counsel withdrawing on the day the charge was filed never had a chance to file a motion pursuant to grant to suppress the cocaine. He had no idea that there was even going to be a charge. I saw something which I don't see often, and I want to make sure I'm right. The court actually told the defendant, once he got rid of all of his lawyers, that he needed to file a motion to suppress. Indeed. The defendant was obviously trying to get out of his driver's license because he's studying now. I now have a driver's license. But the court is giving him some advice because your defendant asked if the officer was going to be there for a hearing. And the court explained, we don't subpoena you. You have to file a motion. Right. And so the amount of cocaine that was found, also the interesting thing to me was that the officers testified, correct me if I'm wrong, that they did this because they had to protect themselves, the area they were in, for something that might be dangerous. Is that true? They were just essentially parroting the game. The law has always been that way, that you can seize evidence or protect yourself, and they were just simply parroting that language. Was there any indication in the record no gun was found? No. He didn't have a weapon on him. He was handcuffed, wasn't he? He was handcuffed. Mr. Tunnell is not a danger to the officer. They're just citing the law. And I want to point out about the court and the requirement to file a motion. So Mr. Tunnell is without counsel starting August 22nd. On September 6th, they come back into court, and there's a hearing. And at the end of it, the state, I think, is a little irritated, whatever, justifiably so. They said, Judge, we want a deadline for filing pretrial motions. Now, this was September 6th. So the judge says, okay, the deadline's September 10th. So Mr. Tunnell had to file his motions by September 10th, and that leads to my point about why whether the admonitions on September 12th are adequate don't really matter because that's after the deadline for filing a motion. So the entire period of time he could have filed a motion from August 22nd to September 10th, he had no lawyer, he's in this limbo. He was also very vociferous about not wanting or needing a lawyer every time. Absolutely. And the proper thing to do there is to either appoint him a lawyer and see if they get along or say, all right, we're going to do the 401 waivers. The court didn't either. So this whole time when Mr. Tunnell had a right to be assisted by counsel but was not, and the only time he had when he could file his motions, he's in this limbo. There was no waiver. He had not voluntarily, there was no assurance he knowingly and voluntarily waived his right to counsel. If there are no further questions, I would ask this court to either suppress the cocaine or to remand the cause for appointment. I have one other question. It seemed to me that this officer, your client must have lived in a non-residential area. Yes. Kind of like out in the... It's very rural. Rural. Yeah. And yet this deputy, Pickett, was sitting out there a short distance from the defendant's home and knew that the defense license had been suspended. This was Christian County, and I'm wondering if you have any argument related to that. I don't really have an argument related to that, but it's obvious that Mr. Tunnell admitted he's a meth user, and I know he's coming, and it's not a coincidence that a detective from the largest city in Christian County shows up along with two other... I mean, you know, they're looking for drugs. And I think, oddly enough, I think the officer said something about checking it for meth, and he said, well, actually you ought to check it and see if it's cocaine instead. You know, Mr. Tunnell said, I don't use cocaine. I use meth. Yeah. It's a love question. Okay. Thank you. All right. Ms. Stacy. Your Honors, Counsel, may it please the Court, Kelly Stacy on behalf of the state. There's no dispute in this case regarding the validity of the initial traffic stop. It was supported by a probable cause. The defendant does not dispute that. But in his reply brief, the defendant argues he was not arrested for possession of a controlled substance, but only for driving on a suspended license. He does not cite to the record to support that claim. In this case, the record shows the defendant was searched incident to a lawful arrest for driving on a suspended license. Which search are you referring to now? His personal search? The search of his person was incident to lawful arrest for driving on a suspended license. Okay. And a search incident to lawful arrest requires no additional justification for that search. But in this case, during the search incident to arrest, the search of the defendant's person, Deputy Pickett found five white pills in the defendant's pocket, and the defendant admitted they were Vicodin. At that point, the defendant was placed under arrest for driving on a suspended license and possession of a controlled substance. The citation for that in the record is at SCC 18. So he was arrested for possession? Yes, he was. Of the Vicodin? Of the Vicodin, that's correct. Detective Nation testified that officers searched the defendant's vehicle incident to finding the pills in his pocket. That's found in the record at page 508. There was no testimony that I can recall about anything to do with officer safety. It was merely the search incident to arrest finding the pills in the pocket. Based on finding the pills in the pocket, the officers then searched the defendant's vehicle. But I don't understand why. He's under arrest, he's handcuffed. There's plenty of time to get a warrant. The car is sitting in a private driveway, it's not blocking the street. I do not believe that is actually correct, Your Honor. Okay, tell me where I'm wrong. A discussion of the Gantt case might be insightful at this point. During the Gantt case, the Supreme Court discussed the warrant requirement exceptions. Those exceptions are, in particular, very relevant on an automobile case. So during the Gantt case, the court stated these exceptions, meaning the exceptions to the warrant requirement, together ensure that officers may search a vehicle when genuine safety or evidentiary concerns encountered during the arrest of a vehicle's recent occupant justify a search. They looked at the case of New York v. Belton, and the court determined that broadly construing the Belton case to say, well, you're able to search a vehicle incident to any arrest, the court said, no, you can't search a vehicle just because a person's been arrested. They said that would serve no purpose except to give the police ammunition to be able to search at any time. So you're saying if, in fact, he had not been also arrested for the possession of the bike of them, they could not have gone further. I believe that is a very accurate statement and justification. I believe that's also consistent with Gantt. But in this case, we have that additional justification based on the pills found in the defendant's pocket. And this court, in People v. Lomas, determined officers were justified. That's a 5th District 2004 case cited in the state's brief. Officers were justified in searching the vehicle incident defining contraband pills in the defendant's pocket. That's in line with the case we have here. You said that was decided in 2004? 2004. Under the defendant's interpretation of the Gantt case, officers could never battle an investigation. They would only be limited to the basis for the vehicle stop in the first place. That is not the law. During an arrest, if officers found something in the pocket, if defendant's correct on the interpretation of Gantt, they just had to say, defendant, this is your lucky day because even though you have these pills in your pocket, because we only pulled you over for driving on a suspended license, that's all we can do today. And the cocaine in the vehicle wouldn't be anything to think about. But you could have towed the vehicle and done an inventory search, like most departments do. They... Because he was driving the vehicle at the time of the offense, so you could have towed the vehicle to a pound and... Well, that's an interesting point that Your Honor makes. It did not occur in this case. No. But it is true that because we've got probable cause to support the traffic stop, defendant was properly placed under arrest. And incident two, that arrest, they found the pills in the pocket, which justifies why there's a vehicle exception on the warrant requirement, because a person can have an opportunity to get rid of evidence. And that is clearly outlined in the Gantt case. And Gantt is not contrary to the Lomas case. I'm sorry. Are you saying that the drugs were disappeared? I'm saying that is the reason that there's an automobile exception to the warrant requirement. When police find evidence of additional criminal activity that they're entitled to, if they find that, they're entitled to search the vehicle at that point. In this case, it was reasonable for officers to believe the vehicle might have contained evidence related to the pills in the defendant's pocket. And under Gantt, the officers' reasonable belief justified the search of the vehicle. And I guess since he parked in his own driveway, there's no reason to take the car and inventory it. Your Honor, it's not clear on record why they didn't. But I'm assuming, as you probably are, that that's why that didn't occur in this case. They clearly could have. They just made the choice not to. It doesn't matter really whether it's in his private property or not. Well, they would have to have it for a purpose. We'll talk about that later. I'm sorry, Your Honor. The record is not developed as to why that did not occur, but we know it did not occur. What about the fact that this may have been a pretextual stop? Your Honor, I believe the law is pretty clear on it. It's not raised in this case. But even if there is a pretextual stop, it does not negate the validity of the stop. The officer had actual knowledge that the defendant's license was suspended. It certainly does look kind of suspicious. Well, wasn't there like a tip or something? I thought there was. No, he knew that. There was something in the brief that said that the officers were called and said, so Tonell's going to be driving down some road or something, and he doesn't have a license. I believe that's absolutely correct, Your Honor. I believe the officer was tipped off. I don't know if it was another officer or how he found out, but I believe that is actually what occurred in this case. In this case, the court initially determined, the trial court, that the plain view exception would apply. Defendant argued at one point that, well, this shouldn't be plain view because the officer had to duck down to look into the window to see the cocaine on the center console. At another point, he argued, well, the officers would have had to stand up on what he called a nerf bar. I'm not exactly sure what that is. It may be a running board. But neither of those arguments would be successful because the officers were in a place they had a lawful right to be. But even if you find that plain view does not apply here, certainly the search incident to arrest him finding the Vicodin pills in the pocket would allow the officers to search the truck. So in either event, the court properly denied the defendant's motion to dismiss in this case. In Issue 2 of Defendant's brief, he claims that the trial court failed to comply with Rule 401A in accepting his waiver of counsel because the court only told him he was subjected to extended term sentencing of three to six years. Defendant seems to argue the court had to tell him both a non-extended and an extended sentencing. But in this case, because of defendant's prior record, he was subjected to extended term sentencing of three to six years. And just as the trial court informed him, upon conviction, the defendant was sentenced to four years. In his reply brief, defendant also argues that he believed .1 grams of cocaine was less than ten thousandths of a tenth, and this shows he did not understand the nature of the charges. Two things are noteworthy here. The court corrected his misinterpretation by informing him the weight was one-tenth of a gram, and secondly, any amount of cocaine is illegal no matter the weight. Defendant stubbornly threw out his entire case. Rarely have I ever seen a case where a trial court took such great care to try to tell the defendant he needed an attorney to represent him in this case. The issues the defendant were raising were legal issues, and that is why the court told him the proper vehicle to get this accomplished is a motion to suppress. He told him he needed an attorney. Defendant was deemed the attorney. He's now under the same obligations an attorney would be, and the state respectfully asks you to affirm. Okay, thank you so much. Thank you. Is there rebuttal? As I understood the state's argument, it was said that my reply brief in claiming that he was arrested for these, driving on a suspended license, failed to cite to the record. This is on page 2. Deputy Pickett stopped Mr. Tunnell and confirmed that his license was suspended, R-491. Deputy Pickett decided to wait for the other officers to arrive, writing a traffic citation in the meantime, R-492. Deputy Pickett testified, quote, as I was writing a citation at that time, I made the decision to arrest Mr. Tunnell, R-492. That's before any pills were found. And then Detective Nation explicitly testified that the pills were found after that arrest. This is the quote from Detective Nation. After Deputy Pickett made the arrest, he had some pills in his pocket, and that's R-509. The record is unequivocal that the cause for the offense of arrest was not the pills, it was driving on a suspended license. And Gant could not be clearer, but that the only offense you can search a vehicle for is the offense of arrest. And that's a quote, when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle. That's what Gant says. Now, the state's argument that we've got to say, Mr. Tunnell, we can't do anything, you can go, that's ludicrous. First, he's already under arrest. And second, all they have to do is get a warrant. If they have probable cause to think that there's more evidence in these pills, go convince a judge of that. They don't have to just give up on a case. But what they can't do is massively expand Gant to cover crimes other than crimes of arrest. If there are no other questions, I would just sit back. Thank you. Thank you very much. We appreciate your arguments today. We'll take them to our other advisors. Okay, let's go to recess.